UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | : | Civil No. 08-2389 (JLL) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| JERRAMIAH T. HEALY, et al., | : | |
| Defendants. | : | |

For the Plaintiff: Joseph Williams, plaintiff pro se
For the Defendants: William C. Matsikoudis (Jersey City Law Department)
            Priti R Vakharia (Jersey City Law Department)

This matter comes before the Court on the application of Plaintiff Joseph Williams ("Plaintiff" or "Williams") for the appointment of pro bono counsel [CM/ECF #11] and the subsequent motion to dismiss filed by Defendants Heriberto Carattini, Miguel A. Reyes, William Figeroa, James P. Crecco, Erik M. Infantes, and Officer Jane Doe (collectively "Defendants") [CM/ECF #17]. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Plaintiff's motion is denied and Defendants' motion is denied in part and granted in part.

**INTRODUCTION**

The Complaint alleges that on May 10, 2006, Sergeant Heriberto Carattini ("Carattini") of the Jersey City police broke down the door to Williams's home—injuring Williams in the process—and proceeded to search the premises without consent or a search warrant. (Compl. at 3-4.) The Complaint further alleges that Carattini, aided by fellow officers Miguel A. Reyes ,

William Figeroa, James P. Crecco, and Erik Infantes, searched his home and arrested him at gunpoint. (Id. at 4.)

On May 14, 2008, Williams filed suit in this Court seeking in forma pauperis status, which was granted on July 31, 2008. In its Order of July 31, 2008, this Court dismissed the Complaint as to some defendants but permitted all claims to go forward against the remaining defendants. (Order of July 31, 2008 at 1-2.) The Complaint sets forth five counts against the Defendants, alleging generally under 42 U.S.C. §§ 1983 and 1985(3) that Defendants violated Williams's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution through excessive use of force, unreasonable search and seizure, malicious prosecution, and denials of due process and equal protection.

## DISCUSSION

**A.     Motion for the Appointment of Pro Bono Counsel**

Prior to proceeding to the merits of Defendants's motion, this Court will first discuss Plaintiff's motion for the appointment of pro bono counsel. This Court has, within its discretion, the power to appoint pro bono counsel to indigent civil litigants under 28 U.S.C. § 1915(e). In order to receive the benefit of appointed counsel, a party must assert a non-frivolous claim. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). The standard for granting pro bono counsel in this Circuit requires balancing several factors:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.

2

Parham, 126 F.3d at 457.

      This Court having already found in its Order of July 31, 2008, that Williams's Complaint was sufficiently non-frivolous to be filed under § 1915(e)(2)(B), it is appropriate to engage in an analysis of the Parham factors with respect to Williams's request.  Williams urges this Court to appoint counsel because his access to his facility's law library was limited to five occasions in approximately two months, he has no access to typewriters, and the prison law library's contents are out of date. (Pl. Appl. of Sept. 22, 2008 at 3.)  He also claims that he is not in a position to afford the services of an attorney.  (Id.)  Williams has also supplied the Court with additional documentation of his complaints concerning the law library in his detention facility.  (Pl. Letters of Oct. 31, 2008 and Nov. 15, 2008.)

      This Court finds that the Parham factors do not weigh in Plaintiff's favor.  Williams has, so far, been able to present his case clearly and adequately to this Court, and his case does not present any novel or particularly complex legal issue requiring the assistance of counsel.  Furthermore, Williams's Complaint sets forth his causes of action clearly and succinctly.  Although Williams is incarcerated, and the case, if it goes to trial, could involve issues hinging on the credibility of witnesses, this Court finds that appointment of counsel is not necessary.  See Waugh v. Sisco, No. 08-6004, 2009 WL 233490, at *2 (D.N.J. Jan. 29, 2009) (finding incarcerated individual with access to prison law library capable of proceeding without pro bono counsel).  Williams's request for pro bono counsel, therefore, is denied.

B.   **Motion to Dismiss**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v.

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Kerner, 404 U.S. 519 (1972).  With this framework in mind, the Court turns now to Defendants' motion.

Defendants argue that Williams's Complaint must be dismissed based upon the applicable statute of limitations.  (Def. Br. at 3.)  Furthermore, Defendants argue that the malicious prosecution claim must be dismissed because Williams pled guilty, and that the § 1985 claim must be dismissed because Williams does not plead that he was a member of a protected class.  (Id. at 5, 7.)  Williams responds with a diffuse certification, containing some legal argument in the form of doctrinal definitions.  (Williams Cert. at 43-47.)

### 1.    Statute of Limitations

The applicable statute of limitations for violations of 42 U.S.C. §§ 1983 and 1985(3) in New Jersey is two years.  O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006).  Federal law, rather than state law, determines questions of accrual in civil rights actions, and the Third Circuit Court of Appeals forbids "resurrecting" a time-barred claim by aggregating it with other causes of action in order to assert a continuing violation.  Wallace v. Kato, 549 U.S. 384, 388 (2007); O'Connor, 440 F.3d at 129.

The actions of Defendants that Williams sets forth in his Complaint all occurred on May 10, 2006.  (Compl. at 3-4.)  Willaims, therefore, had until May 10, 2008 to file his claims under § 1983 and § 1985(3).  The fact that his Complaint was filed in this Court on May 14, 2008, would ordinarily result in his being barred from proceeding due to the statute of limitations.  O'Connor, 440 at 126-27.

Williams, however, as a prisoner dependent upon prison authorities for handling all of his mail, receives the benefit of the prisoner mailbox rule, and his Complaint is deemed filed on the

5

date it is signed. Houston v. Lack, 487 U.S. 266, 273-75 (1988) (applying prisoner mailbox rule in notice of appeal context); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998) (extending prisoner mailbox rule to habeas context); Hankins v. Beard, No. 06-2372, 2008 WL 2950996, at *6 (M.D. Pa. July 29, 2008) (applying prisoner mailbox rule to filing date of prisoner § 1983 complaint). The Complaint in this action was signed May 5, 2008, five days prior to the end of the statute of limitations. Defendants' motion to dismiss for Williams's failure to comply with the statute of limitations is, therefore, denied.

### 2. Malicious Prosecution

Williams's Complaint contains a claim of malicious prosecution based upon a violation of the Fourth Amendment. (Compl. at 6.)

> To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). Defendants assert, and Williams does not deny, that he pled guilty to various drug-related charges in New Jersey Superior Court, Hudson County, on January 10, 2007. (Def. Br. at 6; Def. Br. Ex. B.) Williams cannot, therefore, demonstrate the second element of malicious prosecution—that the criminal proceeding ended in his favor—and Defendants' motion is granted with respect to the malicious prosecution claim. Furthermore, as amendment would be futile in this instance, Williams's malicious prosecution claim is dismissed with prejudice.

      **3.**    **Section 1985(3)**

Williams's Complaint asserts jurisdiction under both § 1983 and § 1985(3). (Compl. at 2.) Although Williams does not differentiate between the statutes in the remainder of the Complaint, Defendant seeks to dismiss any § 1985(3) claims due to Williams's failure to plead that he is part of a protected class or that he was the victim of a conspiracy. (Def. Br. at 9.)

Section 1985(3) prohibits conspiracies directed at "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). This Court, after reviewing the Complaint, finds that it is devoid of any factual allegation of a conspiracy. (Compl. at 3-4.) Furthermore, this Court finds that the Complaint lacks any allegation, as required in a § 1985(3) case, that there was any "invidious" discrimination against any class of persons. <u>Farber v. City of Paterson</u>, 440 F.3d 131, 135 (3d Cir. 2006). This Court finds, therefore, that Defendants' motion to dismiss must be granted as to Plaintiff's § 1985(3) claims.

## CONCLUSION

For the reasons heretofore set forth, Defendants' motion to dismiss is granted in part and denied in part, and Plaintiff's motion for appointment of pro bono counsel is denied.

DATED: May 4, 2009                                                 /s/ Jose L. Linares
                                                                               United States District Judge