<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
**JOSEPH WILLIAMS,**                :
                                    :   **Civil Action No. 08-2389 (ES)**
           **Plaintiff,**   :
                                    :
           **v.**           :   **OPINION**
                                    :
**JERRAMIAH T. HEALY, et al.,**     :
                                    :
           **Defendants.**  :
_____:

**SALAS, DISTRICT JUDGE**

**I.      INTRODUCTION**

On October 28, 2011, Defendants Sergeant Heriberto Carratini, Sergeant Miguel Reyes, Police Officer William Figeroa, Police Officer James Crecco, Police Officer Erik Infantes, and the City of Jersey City (collectively "Defendants") filed a Motion for Summary Judgment. (D.E. No. 115, Mot. Summ. J.). On July 5, 2012, the Court entered an Opinion and Order granting Defendants' motion on some of the claims, but reserved decision as to whether Defendants were entitled to summary judgment on the following claims by Plaintiff Joseph Williams ("Plaintiff"): (1) Excessive Use of Force (Federal Count I and State Count I); (2) Unreasonable Search and Seizure (Federal Count III and State Count III); (3) Conspiracy (Federal Counts V and XIX and State Count IV); (4) Failure to Prevent Conspiracy (Federal Count VI); (5) Falsification of Official Reports (Federal Count IX and State Count V); (6) Fraudulent Fabrication of Evidence (Federal Count XI and State Count VIII); (7) Denial of Due Process and Equal Protection (Federal Count XIV and State Count X); (8) Fraudulent Concealment of Evidence (Federal Count XVI); (9)

Judicial Deception (Federal Count XVIII).[1]  (D.E. Nos. 129-30, Summ. J. Op. and Am. Order, July 5, 2012); *see also Williams v. Healy*, No. 08-2389, 2012 WL 2594348 (D.N.J. July 5, 2012). The Court permitted Defendants to file a supplemental brief addressing those claims for which judgment was reserved, and on July 13, 2012, Defendants filed said brief. (D.E. No. 131, Defs.' Supp. Mot.). Plaintiff did not file any response to Defendants' supplemental brief. The Court scheduled an oral argument for July 9, 2014; however both Plaintiff and Defendants failed to appear. (D.E. No. 141). The Court conducted the rescheduled oral argument on August 6, 2014 and set a revised briefing schedule. (D.E. No. 145). Defendants submitted their brief in accordance with the schedule, (D.E. No. 149), but Plaintiff did not submit any response. This Court will therefore consider the arguments set forth in Plaintiff's initial submissions as the extent of his arguments regarding this matter. This Court now addresses the claims for which it reserved decision.

Since the parties are familiar with both the disputed and undisputed facts, and the Court reviewed the background of this action in its earlier Opinion, *see Williams*, 2012 WL 2594348, at *1-4, the Court will not recite them again here. As detailed below, the Court **GRANTS** summary judgment to Defendants and/or **DISMISSES** all the outstanding claims on which it previously reserved judgment.

---

[1] The Court also dismissed several grounds without prejudice and gave Plaintiff an opportunity to file an amended complaint within fifteen days of the Court's July 5th Opinion and Order. *See Williams*, 2012 WL 2594348 at *6. The Court advised Plaintiff that if he did not file an amended complaint within that time period, his claims would be dismissed with prejudice. *Id.* Plaintiff failed to file an amended complaint and therefore the Court will now dismiss the following claims with prejudice: Federal Count IV: 42 U.S.C. § 1983 "Under Color of State Law" against Carratini, Reyes, Figeroa, Crecco, Infantes, Jane Doe; Federal Count V: 42 U.S.C. § 1985(1)-(3) "Conspiracy" against Carratini, Reyes, Figeroa, Crecco, Infantes; Federal Count VII: 42 U.S.C. § 1983 "Failure to Intercede in Wrongs" against Carratini, Reyes, Figeroa, Crecco, Infantes, Jane Doe; Federal Count X: 42 U.S.C. § 1983 "Official Misconduct" against Carratini, Reyes, Figeroa, Crecco, Infantes; Federal Count XIX: 42 U.S.C. § 1985(1)-(3) "Conspiracy" against Assistant Public Defender Peterson; State Count VI: "Official Misconduct" against Carratini, Reyes, Figeroa, Crecco, Infantes.

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of an alleged disputed fact is not enough. Rather, the opposing party must prove that there is a genuine issue of a material fact. *Id.*

An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is material if under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### III.     DISCUSSION

**A.  Plaintiff's "Unreasonable Search and Seizure" Claim (Federal Count III; State Count III) Against Carratini, Reyes, Figeroa, Crecco, Infantes, and Jane Doe**

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Under the Fourth Amendment, a search occurs when the government: (1) physically intrudes on constitutionally protected areas, *see Florida v. Jardines*, 133 S.Ct. 1409, 1414 (2013); or (2) invades "a subjective expectation of privacy that society recognizes as reasonable," *Kyllo v. United States*, 533 U.S. 27, 33 (2001) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967)). "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal quotations omitted). This rule is "subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.*

The Court previously reserved decision on this claim of unreasonable search and seizure to permit the parties to address the two-step analysis enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Williams*, 2012 WL 2594348, at *10-12. As discussed by the Court in its previous opinion, in *Heck v. Humphrey* the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding

4

>criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

512 U.S. 477, 487 (1994).  Accordingly, the Supreme Court engaged in a two-part inquiry under *Heck*: (1) whether a judgment in favor of plaintiff would necessarily imply the invalidity of the conviction; and (2) whether the conviction has already been invalidated.

>Under the first inquiry, the Supreme Court has explained:
>
>[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction . . . .

*Heck*, 512 U.S. at 487, n.7 (internal citations omitted).   In the Third Circuit, district courts must conduct a fact-based inquiry to determine whether a claim "necessarily implies" the invalidity of the underlying conviction.  *See Gibson v. Superintendent, N.J. Dep't of Law and Public Safety*, 411 F.3d 427, 450 (3d Cir. 2005), overruled on other grounds by *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010).  *See also Keeling v. Attorney Gen. for Pa.*, 575 F. App'x 16, 18 (3d Cir. 2014) (where plaintiff affirmatively contends that an allegedly illegal search and seizure resulted in his unlawful conviction, he cannot bring a Fourth Amendment claim unless and until he successfully attacks his conviction); *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (based upon the record before the court, it was clear that a finding in plaintiff's favor would imply the invalidity of his conviction on the two drug related charges, which were secured as a result of the contraband found during an allegedly unreasonable and unconstitutional search); *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133-34 (3d Cir. 2006) (holding that *Heck* barred a 1983 claim of unlawful search and seizure where "arrest and conviction were based on the evidence gathered" in the allegedly illegal search and seizure); *see also Hinton v. White*, No. 10-3902, 2012 WL 6089476, at *3 (D.N.J. Dec. 6, 2012) (applying *Heck* bar to illegal search and seizure claim that would call into question state criminal conviction).

In *Crawford v. Frimel*, the plaintiff had been arrested for armed bank robbery. 337 F. App'x 211, 213 (3d Cir. 2009) (per curiam). The FBI sought and obtained a warrant to search plaintiff's apartment, where they found a gun and drugs. *Id.* After he was convicted, the plaintiff filed a complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against five FBI agents and a magistrate judge claiming that they conspired to violate his constitutional rights under the Fourth and Fourteenth Amendments because there was no probable cause for the arrest and the search of his apartment. *Id.* The Third Circuit held that the plaintiff's claims were barred by *Heck*, specifically stating that

> [b]ut for the search of his apartment, the gun, drugs, and drug paraphernalia underlying his drug conviction would not have been seized. If the seized items were to be suppressed by reason of the illegality of the search, the conviction could not stand . . . . Because Crawford's complaint directly attacks the factual basis for his conviction, the District Court did not abuse its discretion in concluding that it is barred by *Heck*.

*Id.*

In his Complaint, Plaintiff alleged that Defendants entered his apartment without his consent and conducted an illegal search, which resulted in the discovery of narcotics. *Williams*, 2012 WL 2594348, at * 2. However, based on a review of the record, this claim is barred by *Heck*. Plaintiff's underlying conviction, a result of his guilty plea, is for conspiracy to distribute heroin. (D.E. No. 149-1, Defs.' 2nd Supp. Br., Ex. C, Plea Tr. 6:4-10, Jan. 10, 2007). During the grand jury proceedings, one of the officers involved in the search testified that the police believed that Plaintiff and his accomplice had the intent to distribute the heroin based on the transaction they witnessed between Plaintiff's accomplice and a customer, combined with the amount of drugs and money found in the apartment. (*Id.* at Ex. A, Grand Jury Tr. 11:3-12, Sept. 5, 2006). The drugs found in the apartment during the allegedly illegal search are the only connection between Plaintiff

6

and the heroin. In fact, Plaintiff's accomplice specifically denied that Plaintiff had any involvement or knowledge of the drugs. (*Id.* at 8:16-19).

Since the drugs found during the allegedly illegal search are the only link between Plaintiff and a conspiracy to distribute heroin, Plaintiff's Fourth Amendment claim for unlawful search and seizure is barred by *Heck*: a finding by this Court that the search was unlawful would necessarily invalidate Plaintiff's underlying conviction. The search and seizure claims will therefore be dismissed.[2] The dismissal is without prejudice to refiling if, for example, Plaintiff's conviction is overturned or otherwise invalidated. *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (per curiam) (stating that when a claim is barred under *Heck*, dismissal should be without prejudice).

## B. Plaintiff's "Excessive Use of Force" Claim (Federal Count I; State Count I) Against Carratini, Reyes, Figeroa, Crecco, Infantes, and Jane Doe

As discussed by the Court in its previous Opinion and Order, it appears that Plaintiff is basing his "excessive force" claim purely on the fact that when the officers kicked-in the apartment door, the door hit Plaintiff in the head. (D.E. No. 115, Defs.' Summ. J. Brief, Ex. E, Pl.'s Dep.) 32:14-24).

"To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that it was unreasonable under the circumstances." *Lamont v. New Jersey*, 637 F.3d 177, 182-83 (3d Cir. 2011) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989); *Graham v. Connor*, 490 U.S. 386, 395-96 (1989)). "Violation of the Fourth Amendment requires an intentional acquisition of physical control. . . . It is clear, in other words, that a Fourth

---

[2] As this Court held in its previous Opinion, *see Williams*, 2012 WL 2594348, at *10, n.6, Plaintiff's state Count III mirrors this federal claim. Accordingly, the Court's decision and reasoning as to this federal claim applies to state Count III as well. *Hedges v. Musco*, 204 F.3d 109, 120 n.12 (3d Cir. 2000) ("Having established that there was no federal constitutional violation, defendants must also prevail on plaintiffs' claims under Article I, paragraph 7 of the New Jersey Constitution.").

7

Amendment seizure . . . [occurs] only when there is a governmental termination of freedom of movement *through means intentionally applied*." *Brower*, 489 U.S. at 596-97 (1989) (citations omitted) (emphasis in original). In the summary judgment context, a court considers whether "after resolving all factual disputes in favor of the plaintiff, [ ] the officer's use of force was objectively reasonable under the circumstances." *Gilles v. Davis*, 427 F.3d 197, 207 (3d Cir. 2005). Determining whether something was objectively reasonable under the circumstances "'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Sharrar v. Felsing*, 128 F.3d 810, 821 (3d Cir. 1997) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

In their supplemental brief, Defendants argue that "even if the Defendants kicked down Plaintiff's door and the door hit the Plaintiff in the head, a seizure did not occur because there was no intentional acquisition of physical control and there was no government termination of freedom of movement through means intentionally applied." (D.E. No. 149, Defs.' 2nd Suppl. Br. at 2-3). Defendants argue that "Plaintiff was not the object of the Defendants' detention or taking and a detention or taking was not willful." (*Id.* at 3). Drawing all justifiable inferences in favor of Plaintiff, the Court finds that Defendants are entitled to summary judgment on this claim and the corresponding state law claim. Even if the Court were to assume that the door was in fact kicked-in and struck Plaintiff in the head, based on the evidence of record, a reasonable factfinder would be compelled to conclude that the door hitting Plaintiff in the head was unintentional and the actions of the officers were not objectively unreasonable. *See Lamont*, 637 F.3d at 182-83; *Brower*, 489 U.S. at 599. There is no evidence from which it could be concluded that the officers

intended to "seize" Plaintiff by kicking-in the door; nor that it was an intended "seizure" when the door inadvertently hit Plaintiff in the head. *See, e.g.*, *Clark v. Buchko*, 936 F.Supp. 212, 219 (3d Cir. 1996) (collecting cases where courts concluded that the plaintiffs could not maintain Fourth Amendment claims against the officers because the officers lacked intent to seize the victims by firing the guns); *Brower*, 489 U.S. at 596 ("the Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct"); *Smart v. Borough of Lindenwold*, No. 07-6102, 2010 U.S. Dist. LEXIS 21929, at *3, 2010 WL 891344 (D.N.J. Mar. 9, 2010) ("[a]s a threshold issue, Plaintiff's claim that law enforcement officers have used excessive force in the course of an arrest of a citizen must therefore [prove] a deliberate act."). The record makes clear that the officers were trying to enter the premises to recover the narcotics about which Plaintiff's accomplice had informed and there was no intent to use force against Plaintiff.

No genuine issue of material fact exists with regard to this claim and no reasonable factfinder could rule in Plaintiff's favor. Therefore, the Court will grant Defendants' motion for summary judgment on Plaintiff's excessive force claims.[3]

**C. Plaintiff's (1) "Conspiracy" (Federal Count V; State Count IV) Against Carratini, Reyes, Figeroa, Crecco, Infantes, and Jane Doe; (2) "Conspiracy" (Federal Count XIX) Against Assistant Public Defender Peterson; and (3) "Failure to Prevent Conspiracy" Claims (Federal Count VI) Against Carratini, Reyes, Figeroa, Crecco, Infantes, and Jane Doe**

The Court reserved decision on these claims pending supplemental briefing. *Williams*, 2012 WL 2594348, at *11-13.

---

[3] As this Court held in its previous Opinion, *see Williams*, 2012 WL 2594348, at *8, n.4, Plaintiff's state Count I mirrors this federal claim. Accordingly, the Court's decision and reasoning as to this federal claim applies to state Count I as well. *Lamb v. Wysocki*, No. 06-2166, 2008 WL 1732973, at *3 n.4 (D.N.J. April 10, 2008) (analyzing Plaintiff's parallel state and federal claims for excessive force, false arrest/false imprisonment, and malicious prosecution under the federal standards); *see also Badalamente v. Monmouth Cnty. Prosecutor's Office*, No 08-2501, 2011 WL 1898833, at *6 (D.N.J. May 17, 2011) ("New Jersey courts apply the federal standard when addressing excessive force claims brought under the state constitution.").

9

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citing *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)); *Startzell v. Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that conspiracy requires a "meeting of the minds") (internal citation quotation marks omitted)).

Here, there is no evidence from which the Court can infer conspiratorial agreements. *See Great Western Mining & Mineral Co.*, 615 F.3d at 178. Plaintiff alleges in his Amended Complaint that Officer Reyes, with the aid of Assistant County Attorney Leonardo Rinaldi, gave false testimony against Plaintiff before the grand jury, and that Assistant Public Defender Peterson plotted with Assistant County Attorney Rinaldi to deprive Plaintiff "of his constitutional right to a fair trial," allegations that alone are insufficient to support his claims of conspiracy. (D.E. No. 29, Pl.'s Am. Compl. ¶¶ 5(h), (l)).

Because Plaintiff has not pointed to any evidence in the record to prove the existence of a conspiratorial agreement, the Court will grant Defendants' motion for summary judgment with regard to Plaintiff's federal and state conspiracy claims.[4] *See Brooks*, 342 F. App'x at 775. The Court will also enter judgment in favor of Defendants on Plaintiff's failure to prevent conspiracy claims because a claim for failure to prevent conspiracy cannot be established without first establishing the underlying conspiracy. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (transgressions of § 1986, by definition, depend on a preexisting violation of § 1985); *Muhammad v. Dempsey*, 531 F. App'x 216, 219, n.4 (3d Cir. 2013).

---

[4] As this Court held in its previous Opinion, *see Williams*, 2012 WL 2594348, at *12, n.10, Plaintiff's state Count IV mirrors these federal claims. Accordingly, the Court's decision and reasoning as to these federal claims applies to state Count IV as well. *Jefferson*, 2010 WL 5253296, at * 13; *see also Chapman*, 2009 WL 2634888, at *3.

**D. Plaintiff's "Falsification of Official Reports" (Federal Count IX; State Count V) Against Carratini, Reyes, Figeroa, Crecco, and Infantes**

The Court previously reserved decision on Plaintiff's "Falsification of Official Reports" claim. *Williams*, 2012 WL 2594348, at *10-12.

In support of his claim of falsification of official reports, Plaintiff alleges that after he was transported to the police station, Police Officers Carratini, Reyes, Figeroa, and Infantes prepared "untrue and/or falsified reports . . . with charges against him." (D.E. No. 1, Pl.'s Compl. ¶ 4(d); Am. Compl. ¶ 5(d)). In their first supplemental brief, Defendants argue that the false report does not, by itself, constitute violation of any constitutional rights. (D.E. No. 131, Defs.' 1st Suppl. Br. 4-5 (citing *Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009)). In their second supplemental brief, Defendants also argue that this claim is barred by *Heck*. (D.E. No. 149, Defs.' 2nd Suppl. Br. 5-7).

As discussed above in Section III(A), this claim is barred by *Heck* because a finding that the reports which filed charges against Plaintiff were false would necessarily imply the invalidity of his underlying conviction. *Heck*, 512 U.S. at 487. The police reports, which were used during Plaintiff's state criminal proceedings, contain statements by the police officers that the search of Plaintiff's apartment was conducted with consent. As was the case with Plaintiff's unlawful search claim, if the Court were to find that Defendants falsified their police reports by stating that the search was conducted with consent, it would render the search unconstitutional and necessarily

call Plaintiff's conviction into question. Plaintiff's "falsification of official reports" claims will be dismissed.[5][6]

### E. Plaintiff's (1) "Fraudulent Fabrication of Evidence" (Federal Count XI; State Count VIII); and (2) "Fraudulent Concealment of Evidence" Claims (Federal Count XVI) Against Carratini, Reyes, Figeroa, Crecco, and Infantes

The Court previously reserved decision on Plaintiff's "Fraudulent Fabrication of Evidence" and "Fraudulent Concealment of Evidence" claims. *Williams*, 2012 WL 2594348, at *10-12. In their second supplemental brief, Defendants contend that Plaintiff's claims must be dismissed for non-compliance with the Rule 8 pleading requirements. (D.E. No. 149, Defs.' 2nd Suppl. Br. 7).[7] Specifically, Defendants argue that Plaintiff has not set forth any factual basis in the Complaint nor does he provide any facts explaining his claim of fabrication of evidence or concealment of evidence. (D.E. No. 131, Defs.' 1st Suppl. Br. 5).

The Court agrees. The evidence used against Plaintiff was: (9) glassine bags, heat-sealed, containing suspected heroin with street logo, "Underground"; and "$1362.00 U.S. dollars, seized monies, for suspected CDS profits." (*Id.*, Ex. F, Police Report). Plaintiff does not provide any information which would allow the Court to determine the basis for these claims. While Plaintiff alleges that he did not provide consent to search the apartment, it is unclear as to how Defendants

---

[5] Moreover, the Court notes that falsification of the report alone does not give rise to violation of a constitutional right. *See Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) (citing *Bush v. City of Philadelphia*, No. Civ. 98-0994, 1999 WL 554585, at *1 (E.D. Pa. July 16, 1999) (surveying cases and determining that no constitutional right to a correct police report exists)); *see also Ellis v. Vergara*, No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec.15, 2009) (in an action brought against two police officers, finding that "the preparation of a false police report does not state a claim under § 1983"). To the extent Plaintiff alleges that he was falsely arrested as a result of the reports, the Court has already previously dismissed said claim. *See Williams*, 2012 WL 2594348, at *10.

[6] As this Court held in its previous Opinion, *see Williams*, 2012 WL 2594348, at *10, n.7, generally, courts in New Jersey have recognized that causes of action arising under the State Constitution are "analogues to Section 1983 and [are] often interpreted in virtually the same manner as [their] federal counterparts." *Jefferson v. Twp. of Medford*, No. 08-6269, 2010 WL 5253296, at * 13 (D.N.J. Dec. 16, 2010); *see also Chapman v. State*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009). Plaintiff's state Count V mirrors this federal claim. Accordingly, the Court's decision and reasoning as to these federal claims apply to state Count V as well.

[7] Though Defendants do not specify, the Court assumes that they are arguing that the claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

allegedly "fraudulently concealed" and "fraudulently fabricated" evidence. Consequently, the Court will dismiss these claims.[8]

**F. Plaintiff's "Denial of Due Process and Equal Protection" Claim (Federal Count XIV; State Count X) Against Carratini, Reyes, Figeroa, Crecco, Infantes, and Jane Doe**

The Court reserved resolution of Plaintiff's "Denial of Due Process and Equal Protection" claim pending the parties' supplemental briefs. *Williams*, 2012 WL 2594348, at *16. In their supplemental brief, Defendants maintain that "Plaintiff has not set forth any factual basis in the Complaint nor does he provide any facts explaining his claim of denial of due process and equal protection." (D.E. No. 131, Defs.' 1st Suppl. Br. 6).

Plaintiff has not alleged any facts in his Amended Complaint that would state a separate due process claim. It appears that Plaintiff relies on the same facts for both his Fourteenth Amendment due process claims and his Fourth Amendment claims, discussed above. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010); *Graham*, 490 U.S. at 388. As such, the Court will grant Defendants' motion and dismiss Plaintiff's Fourteenth Amendment due process claim.[9]

---

[8] As this Court held in its previous Opinion, *see Williams*, 2012 WL 2594348, at *10, n.8, generally, courts in New Jersey have recognized that causes of action arising under the State Constitution are "analogues to Section 1983 and [are] often interpreted in virtually the same manner as [their] federal counterparts." *Jefferson*, 2010 WL 5253296, at *13; *see also Chapman*, 2009 WL 2634888, at *3. Plaintiff's state Count VIII mirrors these federal claims. Accordingly, the Court's decision and reasoning as to these federal claims apply to state Count VIII as well.

[9] As stated by the New Jersey Supreme Court, "[i]n cases raising substantive due process claims under our state constitution, this Court uses the standards developed by the United States Supreme Court under the federal Constitution . . . . Thus, our analysis of plaintiff's claim is the same under both constitutions." *Roman Check Cashing, Inc. v. New Jersey Dep't of Banking & Ins.*, 777 A.2d 1, 3 (N.J. 2001) (internal citations omitted); *see also State v. Ravotto*, 169 N.J. 227, 247 (2001) (citing *Graham*, 490 U.S. at 395-96)). Therefore, to the extent Plaintiff also intended to raise a state due process claim, said claim is dismissed.

Judgment will also be entered for Defendants on Plaintiff's equal protection claim. A party claiming an equal protection violation must prove discrimination triggered by that party's "membership in a protected class." *Lande v. Bethlehem*, 457 F. App'x 188, 192 (3d Cir. 2012) (citing *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009)). Furthermore, the discrimination must be intentional. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 274 (1979) ("purposeful discrimination is the condition that offends the Constitution") (citation and internal quotation marks omitted).

Defendants argue that "Plaintiff has failed to bring forth evidence that he is a member of a protected class and has failed to set forth any factual basis in his Complaint explaining his equal protection . . . claim." (D.E. No. 131, Defs.' 1st Suppl. Br. 6). The Court agrees. Plaintiff has not put forth any evidence, or pointed to any evidence in the record, indicating that he is a member of a protected class, that discrimination was caused by his status as a member of the protected class, or that discrimination was intentional. For these reasons, the Court grants Defendants' summary judgment motion as to Plaintiff's equal protection claim.[10]

## G. Plaintiff's "Judicial Deception" Claim (Federal Count XVIII) against Carratini, Reyes, Figeroa, Crecco, and Infantes

The Court construed Plaintiff's allegation that Officer Reyes testified falsely before the grand jury as giving rise to the judicial deception claim. *Williams*, 2012 WL 2594348, at *8-9. Defendants, in their supplemental brief, argue that Plaintiff's claim must be dismissed because

---

[10] When analyzing equal protection challenges under the state constitution, the Appellate Division noted that New Jersey courts have rejected the federal multi-tiered analysis (strict scrutiny, intermediate scrutiny, rational basis), and employ a more flexible balancing test that considers three factors: "(1) the nature of the right asserted; (2) the extent to which the statute intrudes upon that right; and (3) the public need for the intrusion." *Guaman v. Velez*, 23 A.3d 451, 469 (N.J. Super. Ct. App. Div. 2011) (internal citation omitted). Although the federal and state tests are different, they "weigh the same factors and often produce the same result." *Id.* As with his federal claim, Plaintiff has alleged no facts which would indicate that his equal protection rights under New Jersey constitutional law have been violated.

Officer Reyes was acting as a witness and all witnesses enjoy absolute immunity from civil damages based upon their testimony. (D.E. No. 131, Defs.' 1st Suppl. Br. 5).

All witnesses, including police officers, are immune from Section 1983 liability for their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983) ("[I]t has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation") (internal citation and quotation marks omitted). More recently, the Supreme Court held that "grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012). Accordingly, the Court will grant Defendants' motion for summary judgment on Plaintiff's "judicial deception" claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims for unreasonable search and seizure and falsification of official reports are DISMISSED without prejudice. The Court GRANTS Defendants' motion for summary judgment and/or to dismiss as it relates to all other previously reserved claims. All claims previously dismissed without prejudice are now dismissed with prejudice. An appropriate order follows.

Dated: May 8, 2015

                                                  *s/ Esther Salas*
                                                  **Esther Salas, U.S.D.J.**